IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **FIRETHORNE COUNTRY CLUB, LLC** | ) | 10-30695 |
| | ) | |
| Debtor. | ) | |

## APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY HAMILTON MOON STEPHENS STEELE & MARTIN, PLLC AS BANKRUPTCY COUNSEL, PURSUANT TO SECTIONS 327(a) AND 330 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014

Firethorne Country Club, LLC (the "Debtor"), the above-captioned debtor and debtor-in-possession, by this application (the "Application"), hereby seeks authority to retain and employ the law firm of Hamilton Moon Stephens Steele & Martin, PLLC ("HMS"), on a general retainer, as bankruptcy counsel to the Debtor in this chapter 11 case, pursuant to sections 327(a) and 330 under Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Debtor respectfully represents and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Application in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On March 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtor continues in possession of its properties and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

3. The Debtor is a limited liability company organized under the laws of the State of North Carolina.

## RELIEF REQUESTED

4. By this Application, the Debtor seeks the authority, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ HMS under a general retainer as bankruptcy counsel in this chapter 11 case to perform the legal services that will be necessary during the chapter 11 case, effective as of the Petition Date.

5. The Debtor seeks to retain the firm of HMS as bankruptcy counsel because of HMS' extensive experience and knowledge in the field of debtors' and creditors' rights and chapter 11 business reorganizations under the Bankruptcy Code. Additionally, the Debtor submits that HMS' expertise in, experience in, and knowledge of practicing before this Court will be efficient and cost-effective for the Debtor's estate. In preparing for this case, HMS has become familiar with the Debtor's operations, affairs, and many of the potential legal issues that may arise in the context of this chapter 11 case. Accordingly, the Debtor believes that HMS is both well qualified and uniquely able to represent the estate as bankruptcy counsel in this chapter 11 case in an efficient and timely manner.

6. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to HMS on an hourly basis, plus reimbursement of actual,

necessary expenses incurred by the firm. The principal attorneys and paralegals designated to represent the Debtor, and their current standard hourly rates, are:

(a) Travis W. Moon            $575.00 per hour

(b) Glenn C. Moon             $275.00 per hour

(c) Andrew T. Houston         $265.00 per hour

(d) Shannon Myers (Paralegal) $155.00 per hour

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

7. The hourly rates set forth above are HMS' standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate HMS for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is HMS' policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. HMS will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to HMS' other clients. HMS believes that it is fair to charge these expenses to the clients incurring them rather than to increase its hourly rates and spread the expenses among all clients.

8. The professional services that HMS will render to the Debtor include, but shall not be limited to, the following:

(a) provide legal advice with respect to the powers and duties as debtor-in-possession in the continued operation of its business and management of its properties;

  (b)  negotiate, prepare, and pursue confirmation of a chapter 11 plan and approval of a disclosure statement, and all related reorganization agreements and/or documents;

  (c)  prepare on behalf of the Debtor necessary applications, motions, answers, orders, reports, and other legal papers;

  (d)  appear in Court to protect the interests of the Debtor before the Court; and

  (e)  perform all other legal services for the Debtor which may be necessary and proper in these chapter 11 proceedings.

9. The Debtor desires to retain HMS under a general retainer because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. To the best of the Debtor's knowledge, and except as otherwise disclosed in the annexed affidavit of Travis W. Moon (the "Moon Affidavit"), HMS does not hold or represent any interest adverse to the Debtor's estate, and HMS is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code. HMS' employment is necessary and in the best interests of the Debtor and its estate.

10. To the best of the Debtor's knowledge, other than disclosed herein and in the Moon Affidavit, HMS has not represented the Debtor's creditors, equity security holders, or any other parties in interest, or its respective attorneys, in any matter relating to the Debtor or its estate.

11. To the best of the Debtor's knowledge, other than disclosed herein and in the Moon Affidavit, HMS does not currently represent any creditors of the Debtor in connection with matters wholly unrelated to this chapter 11 case. However, HMS is conducting a continuing inquiry into any matters that would affect HMS' disinterested status. In the event additional disclosure is necessary, HMS shall file a supplemental affidavit setting forth any facts and circumstances relevant thereto.

12. HMS has received a retainer in the amount of $10,000.00 from the Debtor in connection with anticipated post-petition representation of the Debtor in this chapter 11 case.

{00223189.DOC V. F008.013062;}         4

Following approval of this Court, the Debtor has agreed to pay an additional $40,000.00 in retainer funds to HMS which it will obtain from a third-party lender within 15 days from the Petition Date.

### **NOTICE**

13.     Notice of this Application has been given to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the Court authorize the employment and retention of HMS as bankruptcy counsel for the Debtor in this chapter 11 case and grant such other and further relief as is just and proper.

Dated:  March ___, 2010

                                FIRETHORNE COUNTRY CLUB, LLC

                  By : _____
                            Howard M. Nifong, Jr., LLC Manager